

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 14, 2024

Hon. Arun Subramanian
United States District Court
500 Pearl Street
New York, NY 10007

      Re:      <u>United States</u> v. <u>Avraham Eisenberg</u>, 23 Cr. 10 (AS)

Dear Judge Subramanian:

      The Government writes to respond, briefly, to the defense's letter regarding the mixed swaps issue. Specifically, the Government writes to make sure the Court has all of the relevant law with respect to the funding rate issue, and it writes to clarify its position regarding whether the oracle for MNGO Perpetuals is a narrow-based security index.

      First, with respect to the funding rate, the defense has argued that the funding rate is a narrow-based security index. An index is "an index or group of securities, including any interest therein or based on the value therefrom." 15 U.S.C. § 78c(a)(68)(E). The defense now asserts that a funding rate is an index not because it is an "index or group of securities," but rather because it is an "*interest* therein or based on the value therefrom." *Id.* (emphasis added).

      This argument is plainly wrong because a rate, such as the funding rate, is not an "interest." This is difference is clear in plain language and in the text of the Commodities Exchange Act and the securities laws. The plain meaning of an "interest" is a "right, title, or legal share in something." *See* "Interest," Merriam-Webster, *available at* https://www.merriam-webster.com/dictionary/interest. A "rate," by contrast, is "an amount of payment or charged based on another amount," or "a charge, payment, or price fixed according to a ratio, scale, or standard." *See* "Rate," Merriam-Webster, *available at* https://www.merriam-webster.com/dictionary/rate. The funding rate is (as the name suggests) a rate, not an interest: it is a flow of payments based on a differential between the oracle price and the midprice of the MNGO Perpetual order book, not a right, title, or share in something.

      Consistent with the plain language, the securities laws (where the definition of "index" appears) use the word "interest" to refer to a right, title, or legal share in something, not a rate. For example, when defining exempted securities, the securities laws use the word "interest" to refer to ownership or participation rights in a type of asset. *See* 15 U.S.C. § 78c(12) (defining exempted security to "any interest or participation in any common trust fund," any "interest or participation in a single trust fund," or any "security issued by or any interest or participation in any pooled income fund"). Similarly, in defining the term "security," the securities laws include "certificates of interest." *Id.* § 78c(10). The securities laws do not call a rate an interest.

This meaning of "interest" as a right, title, or share in something makes sense within the definition of index. As noted above, an "index" is an "index or group of securities, including any interest therein or based on the value therefrom." 15 U.S.C. § 78c(a)(68)(E). This is meant to refer either to a basket of securities (such as the S&P 500 or the Dow) or an ownership interest in a basket of securities or based on a basket of securities (such as an investment in an ETF that tracks the S&P 500, or a portfolio of stocks). In other words, it clarifies that an investment in an index is also an index. But it makes no sense to think of a rate, such as the funding rate, as an "interest" in an index. As explained in the Government's brief, the funding rate is a differential based on two different prices, not an interest in an index.

The Commodities Exchange Act also draws a clear distinction between interests and rates. For example, in the CEA, the definition of a "mixed swap" is a security-based swap that is "also based on the value of 1 or more *interest* or other *rate*, currencies, commodities, [etc.]." 7 U.S.C. § 1a(47)(D) (emphasis added). The definition of swap also uses both the terms "interest" and "rate." *Id.* § 1a(47)(A). The defense's interpretation collapses this definition and makes "rate" redundant with "interest," which is a sure sign that it is reading the statute incorrectly. This Court should reject the defense's proposed instruction regarding the funding rate.

Second, the defense claims in its letter that the Government has effectively conceded that the oracle in this case is a narrow-based security index. That is wrong. The Government does not believe the oracle is a narrow-based security index because it is based not only on the value of MNGO, but also on the value of USDC (via Serum Dex and FTX) and USDT (via AscendEx). An "index" is an "index or group of *securities*." 15 U.S.C. § 78c(a)(68)(E) (emphasis added). USDC and USDT are not securities, so their inclusion in the oracle renders it not an index under the definition of narrow-based security index. The Government did not propose this as a separate basis for finding that MNGO Perpetuals were not mixed swaps because the Government believed it would, for all practical purposes, be redundant with the Government's proposed instruction that the jury can find MNGO Perpetuals are mixed swaps if they are based on the value of USDC. But if the Court intends to instruct the jury that it must decide whether the oracle is a narrow-based security index, the Government plans to argue that it is not.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: __/s_____
    Thomas Burnett
    Peter Davis
    Assistant United States Attorneys
    (212) 637-1064 / 2468

    Tian Huang
    Special Assistant United States Attorney
    (202) 598-2523